Caruthers, J.,
delivered the opinion of the Court.
This case raises the question of the confirmation of the contract of an infant after his arrival at age.
It was tried by a magistrate, and again, upon appeal, *119 in the Circuit Court of Campbell county, and the judgment was for the defendant on his plea of infancy.
The original undertaking was to Samuel G-landerns, for six hundred pounds of good bar-iron, signed with a seal by the defendant, 17th November, 1845. He was then a minor.
The plaintiff became the holder of this obligation, and in September, 1848, brought a suit upon it in the name of Glanderns for his use. This suit was decided in favor of defendant, upon proof of nonage at the date of the obligation, in January, 1849, and no appeal from the judgment. The present suit is “trespass on the case in assumpsit,” and was commenced before the magistrate on the 15th November, 1851. It is the same cause of action in a different form, and upon what is alleged to be a ratification of the contract.
It is not easy to see why the former adjudication was not a complete bar to this suit; but that is not relied upon in argument so much as the want of such affirmance of the contract as would be binding upon the defendant after majority. On the other hand, although the proof of infancy is not very clearly made out in the proof, yet that is not pressed in argument, and seems not to be controverted in the case.
Upon the point of ratification, the proof is, in substance, that in 1848 the plaintiff was negotiating with defendant about the purchase of a horse, and proposed to put in this note as part payment, when the defendant said that would not suit him, but if he traded he must have the money. To a remark of the plaintiff, that he did not believe defendant ever intended to pay that debt, he replied that “ he did: he never put his hand to any *120 thing he would not pay, when he got able.” Two other witnesses swore that they heard the defendant say to the plaintiff, in 1848, that he would “pay it as soon as he got able;” and they “think he was able between that time and the time this suit was brought.” He said to the officer who served the warrant in the first case, that the debt was a just one, and he would have paid it if he had not been sued.
The issue here is upon the subsequent ratification of the contract by a new promise, and the burden of proof is upon the plaintiff.
This is an executory contract; and in order to ratify^ it, there must not only be an acknowledgment of liability, but an express confirmation, or new promise, voluntarily and deliberately made, after majority, and with the knowledge that he is not legally liable. 2 Greenleaf on Ev., § 376. Not regarding this rule as affording sufficient protection, in England — by stat. Geo. IV., ch. 14, § 5 — the new promise or ratification is required to be in writing; but our Legislature has not found it necessary to make any change of the law upon that subject. The new promise or ratification must be made to the party interested or his agent, to be binding.
These rules were correctly laid down by the Circuit Judge, and the jury have found for the defendant.
It is insisted there is error in the refusal of the Court to charge that the possession of the bond by the plaintiff, together with repeated demands of the debt of the defendant upon it by the plaintiff, would be prima facie evidence that he was the party interested in the debt. The Court declined to charge as requested, but said “the note was a nullity, and vested no interest in the plaintiff, *121 and his possession of it would be a circumstance the jury might look at, to ascertain the interest of the plaintiff in the subject-matter of the suit.” In view of the facts of this case, there was no error in this that could prejudice the plaintiff. His action was not founded upon the paper, but upon subsequent . and distinct promises, after having failed in his action upon the instrument. Without assenting to the entire accuracy of the charge, abstractly, we think, in reference to the case before the Court, there is no error for which we should reverse.
The judgment is affirmed.